IN THE MATTER OF THE ESTATE OF T. H. BLYTHE, DECEASED.
BLYTHE v. AYRES.

[No. 2401; decided August 21, 1889.]

Wills.—A Subscribing Witness is One Who Sees the writing exe-
cuted or hears it acknowledged, and thereupon signs his name as a
witness at the maker's request.

Wills.—If a Subscribing Witness Denies or does not Recollect the
execution of the instrument, it may be proved by other evidence.

Wills.—A Subscribing Witness is Limited in His Testimony to all
matters connected with the execution of the instrument; it is un-
necessary and unusual for a testator to disclose the contents of the
will to the witnesses.

Wills.—An Attorney at Law Who is a Subscribing Witness is quali-
fied to testify the same as other subscribing witnesses.

Oral decision upon objection to certain testimony of a wit-
ness.

Wm. H. H. Hart, John H. Boalt and Thomas I. Bergin, for
Florence Blythe.

E. R. Taylor, for unrepresented parties.

Henry E. Highton, for Alice Edith Dickason, claiming to be
widow of decedent.

COFFEY, J. Mr. Boalt stated when he began his argu-
ment, "I have four answers to the argument of the adverse
counsel, any one of which is sufficient to overthrow their ob-
jection. First: We called the witness Mr. Hart because he
is a subscribing witness." That is all there is about it. Mr.
Hart was called as a subscribing witness. What is a sub-
scribing witness? Mr. Bergin has called the attention of the
court to section 1935, Code of Civil Procedure. "A sub-
scribing witness is one who sees a writing executed or hears
it acknowledged, and at the request of the party thereupon
signs his name as a witness." How may a writing be proved?
Section 1940, Code of Civil Procedure, says: "Any writing
may be proved, first, by anyone who saw the writing executed,
or second, by evidence of the genuineness of the handwrit-
ing, or third, by a subscribing witness." Section 1941, Code
of Civil Procedure, says: "If the subscribing witness denied

or does not recollect the execution of the writing, its execution may still be proved by other evidence." A person called as a subscribing witness is limited in his testimony as such as to all matters that are connected with the execution of the instrument, and it has been stated repeatedly that it is unnecessary, as it is unusual, for a testator to disclose the contents of the instrument to the subscribing witness, and, therefore, the subscribing witness has nothing to do with the contents of the instrument, but such matters as are pertinent to his attestation may be inquired into and should be disclosed by the witness, and, hence, it follows that the second part of the first observation of Judge Boalt is sound law: "That where an attorney is a subscribing witness he is therefore qualified to testify the same as any other subscribing witness." This is a rule that is well established. Now, I wish to state this so as to show the limitations of the decision, and that will be helped out by recurring to the suggestions which were offered by Mr. Highton. This question presents two phases: 1. The existence of the paper; 2. The disclosure of the circumstances connected with the existence and execution of the paper. Existence and loss should be first proved. That is correct. It is perfectly competent to inquire of the witness as to the fact that he was called in by Mr. Blythe to sign as a subscribing witness, and it is also competent to inquire of him of everything incident to the execution of that document which would include the delivery and the retrieval, so to call it. Mr. Highton's statement may be correct, but it is not necessary now to decide it—that with reference to the disclosures concerning the contents of the paper he thought they were obnoxious to censure, or words to that effect. Before any inquiry can be made of anybody as to the contents of that instrument its existence and insusceptibility of production must be established. The witness may take the stand again and the reporter will refer to his notes. The motion to strike out is denied, under the limitations stated by the court, and objection to the question is in the same manner overruled for the same reasons.

The Attestation and Witnessing of Wills are discussed in the note to Estate of Shillaber, 1 Cof. Pro. Dec. 124.